UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| JOSHUA MASON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 2:18-cv-00151-WTL-MJD |
| ) | |
| WEXFORD MED. SERV., ) | |
| KUENZLI, ) | |
| SAMUAL BYRD, ) | |
| MARY CHAVEZ, ) | |
| JACKIE DENNING, ) | |
| KIM HOBSON, ) | |
| THOMAS WILLINGTON, ) | |
| ) | |
| Defendants. ) | |

**Entry Screening Complaint, Dismissing Insufficient Claims and
Directing Further Proceedings**

**I.**

The plaintiff's motion to proceed *in forma pauperis*, Dkt. No. 3, is **granted**. He is assessed an initial partial filing fee of Ten Dollars and Eighty Three Cents. He shall have **through May 3, 2018**, to pay this sum to the clerk.

**II. Screening**

Plaintiff, who is incarcerated at the Wabash Valley Correctional Facility, filed a pro se complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. § 1915A(b).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Gladney v. Pendelton Corr. Facility*, 302 F.3d 773, 774 (7th Cir. 2002). The Court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327; *Gladney*, 302 F.3d at 774. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." *Lindell v. McCallum*, 352 F.3d 1107, 1109 (7th Cir. 2003) (citations omitted); *accord Paul v. Marberry*, 658 F.3d 702, 705 (7th Cir. 2011).

To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). It is not necessary for the plaintiff to plead specific facts, and his statement need only "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (*quoting Conley v. Gibson*, 355 U.S. 41, 47 (1957)); *see Christopher v. Buss*, 384 F.3d 879, 881 (7th Cir. 2004). However, a complaint that offers "labels and conclusions" or "formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Twombly*, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Id*. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. The complaint allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555; *Christopher*, 384 F.3d at 881.

In considering whether a complaint states a claim, courts should follow the principles set forth in *Twombly* by first "identifying pleadings that, because they are no more than conclusions,

are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. Legal conclusions must be supported by factual allegations. *Id*. If there are well-pleaded factual allegations, the Court must then "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id*.

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: (1) he was deprived of a right secured by the Constitution or laws of the United States; and (2) the deprivation was visited upon him by a person or persons acting under color of state law. *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The Court is obliged to give the plaintiff's pro se allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*quoting Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

### III. The Complaint

Here, the plaintiff names as defendants Wexford Medical Services, Dr. Kuenzli, Dr. Samual Byrd, Dr. Mary Chavez, Dr. Jackie Denning, Nurse Kim Hobson, and Grievance Specialist Thomas Willington. He alleges the defendants violated his rights under the Eighth Amendment when they refused to or failed to properly treat his broken hand and as a result he is in serious pain.

More specifically, he alleges that he broke his hand on April 1, 2016, and Dr. Mary Chavez failed to treat it. He was then assisted by attorney Ken Faulk from the ACLU who reached an agreement with Wexford Medical Services to treat his hand with either surgery or pain medication. The plaintiff was then prescribed the pain medication Neurotin. In November of 2017, the plaintiff alleges that Wexford discontinued all prescriptions for Neurotin and did not prescribe him an alternative pain medication.

On January 4, 2018, the plaintiff was seen by Dr. Jackie Dennings for his pain. He alleges when Dr. Dennings saw his tattoos and realized he was an Aryan, she kicked him out of her office and refused to treat him because he was a racist. He was in pain.

The plaintiff submitted several health care request forms. While he was not seen by a medical provider, the plaintiff was prescribed prednisone for pain. He submitted a grievance that he alleges Grievance Specialist Willington failed to log for more than a month.

On February 23, 2018, the plaintiff was seen by a specialist at Terre Haute Regional Hospital. The specialist recommended that the plaintiff have surgery on his hand to repair the deformed bone. He alleges that Wexford officials, Dr. Kuenzli, Dr. Byrd, and Nurse Hobson consulted together and agreed to deny his surgery. As a result, the plaintiff alleges that he remains in serious pain. He seeks monetary damages.

## IV. Insufficient Claims

Wexford's legal name is Wexford on Indiana LLC. Because Wexford acts under color of state law by contracting to perform a government function, i.e., running a correctional institution or providing medical care to correctional facilities, they are treated as a government entity for purposes of Section 1983 claims. *See Jackson v. Illinois Medi-Car, Inc.*, 300 F.3d 760, 766 fn.6 (7th Cir. 2002); *but see Shields v. Illinois Department of Correction*, 746 F.3d 782, 790 (7th Cir. 2014) (finding "substantial grounds to question the extension of the *Monell* holding for municipalities to private corporations"). Therefore, to state a cognizable deliberate indifference claim against Wexford, the plaintiff must allege that he suffered a constitutional deprivation as the result of an express policy or custom of Wexford. The plaintiff has not made any allegations that Wexford has an express policy or practice of delaying medical care (including pain medication) for serious medical needs. As such, Wexford is **dismissed** as a defendant from this action.

The plaintiff alleges that Grievance Specialist Willington delayed processing his grievance. He fails to allege what prejudice this delay caused him. Nonetheless, the Seventh Circuit has "specifically denounc[ed] a Fourteenth Amendment substantive due process right to an inmate grievance procedure." *Grieveson v. Anderson*, 538 F.3d 763, 772 (7th Cir. 2008). As explained in *Antonelli v. Sheahan*, 81 F.3d 1422, 1430-31 (7th Cir. 1996), "any right to a grievance procedure is a procedural right, not a substantive one. Accordingly, a state's inmate grievance procedures do not give rise to a liberty interest protected by the Due Process Clause." *Id.* at 1430-31(internal citations omitted). Because the plaintiff had no expectation of a particular outcome of his grievances, there is no viable claim which can be vindicated through 42 U.S.C. § 1983. *Juriss v. McGowan*, 957 F.2d 345, 349 n.1 (7th Cir. 1992) (without a predicate constitutional violation one cannot make out a prima facie case under § 1983). Because there is no viable claim against him, Grievance Specialist Willington is **dismissed** as a defendant from this action.

## V. Claims that May Proceed

The plaintiff's Eighth Amendment claims for deliberate indifference against Dr. Mary Chavez, Dr. Samual Byrd, Dr. Denning, Dr. Kuenzli, and Nurse Hobson **may proceed**.

## VI. Further Proceedings

The **clerk is designated** pursuant to *Fed. R. Civ. P.* 4(c)(3) to issue process to defendants Dr. Mary Chavez, Dr. Samual Byrd, Dr. Denning, Dr. Kuenzli, and Nurse Hobson in the manner specified by Rule 4(d). Process shall consist of the complaint, Dkt. No. 2, applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Entry.

**The clerk is directed** to update the docket to reflect the dismissal of Wexford Medical Services and Grievance Specialist Thomas Willington from this action.

## VII. Duty to Update Address

The pro se plaintiff shall report any change of address within ten (10) days of any change. The Court must be able to locate the plaintiff to communicate with him. If the plaintiff fails to keep the Court informed of his or her current address, the action may be subject to dismissal for failure to comply with Court orders and failure to prosecute.

**IT IS SO ORDERED**.

Date: 4/4/18

_William T Lawrence_
Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

JOSHUA MASON
178118
WABASH VALLEY – CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
Electronic Service Participant – Court Only


Dr. Kuenzli
Medical Employee
Wabash Valley Correctional Facility
6908 S. Old US Hwy 41
P.O. Box 1111
Carlisle, IN 47838

Dr. Samual Byrd
Medical Employee
Wabash Valley Correctional Facility
6908 S. Old US Hwy 41
P.O. Box 1111
Carlisle, IN 47838

Dr. Mary Chavez
Medical Employee
Wabash Valley Correctional Facility
6908 S. Old US Hwy 41
P.O. Box 1111
Carlisle, IN 47838

Dr. Jackie Denning
Medical Employee
Wabash Valley Correctional Facility
6908 S. Old US Hwy 41
P.O. Box 1111
Carlisle, IN 47838

Nurse Kim Hobson
Medical Employee
Wabash Valley Correctional Facility
6908 S. Old US Hwy 41
P.O. Box 1111
Carlisle, IN 47838

Financial Deputy Clerk


Courtesy Copy:

Douglas Bitner
Katz Korin Cunningham PC
The Emelie Building
334 North Senate Ave
Indianapolis, IN 46204